UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER LLP
Ten James Street
Florham Park, New Jersey 07932
(973) 301-0001
Attorneys for Defendants Long Hill
Township Board of Education, Art
DiBenedetto, and Joanna Hughes
SCS5901

| | |
|---|---|
| B.C. and L.T. o/b/o C.C.<br><br>Plaintiffs,<br><br>vs.<br><br>LONG HILL TOWNSHIP BOARD OF EDUCATION, SUPERINTENDENT ART DiBENEDETTO, PRINCIPAL JOANNA HUGHES, RACHEL PETR, and JOHN/JANE DOES I-X,<br><br>Defendants. | CIVIL ACTION NO. 06-5410-JAG-MCA<br><br>**JOINT DISCOVERY PLAN** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile of each, designating the party represented.

    **Stefani C Schwartz, Esq.**
    **Schwartz Simon Edelstein Celso & Kessler, LLP**
    **10 James Street**
    **Florham Park, New Jersey 07932**
    **SSchwartz@sseck.com**
    **(973) 301-0001 (tel.)**
    **(973) 301-0203 (fax)**
    **Counsel for Defendants Long Hill Township Board**
    **of Education, Art DiBenedetto, and Joanna Hughes**

{00293947; 2}

Jeffrey D. Ullman, Esq.
Ullman, Furhman & Platt, P.C.
89 Headquarters Plaza
North Tower, Twelfth Floor
Morristown, NJ 07960
Ullman@ufplaw.com
(973) 993-1744 (tel.)
(973) 993-1748 (fax)
Counsel for Defendant, Rachel Petr

John B. Comegno II, Esq.
Comegno Law Group P.C.
521 Pleasant Valley Avenue
Moorestown, New Jersey 08057
jcomegno@comegnolaw.com
(856) 234-4114 (tel.)
(856) 234-4262 (fax)
Counsel for Plaintiffs

2.  Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

    A)  PLAINTIFF'S FACTUAL BASIS OF COMPLAINT:

    Plaintiffs, parents on behalf of their son, C.C., bring this action to recover damages suffered by C.C., arising from a series of incidents that occurred while C.C. was a 1st grade student at the Board's Gillette School. C.C.'s 1st grade teacher, Ms. Petr, regularly subjected C.C. to a hostile, hyper-critical learning environment. As a result, C.C. resisted attending school and was dropped-off with Principal Hughes every morning. It was understood by C.C.'s parents that Principal Hughes calmed and reassured C.C., and then escorted him to class. Principal Hughes assured C.C.'s parents that everything was "fine."

    But C.C.'s parents later learned that Principal Hughes was, instead, leaving C.C. crying alone in her office until he fell asleep. When C.C. would ask to see or speak to his parents, he was told he could not. Once C.C. fell asleep, Principal Hughes would then wake him and take him to Ms. Petr's classroom.

    The callous, abusive, and negligent treatment of Principal Hughes and Ms. Petr caused C.C. to develop a panic disorder as a result of Post Traumatic Stress Syndrome, which manifests itself, among other ways, in over two years of frequent migraine headaches (at times to the point of vomiting), night terrors and sleeplessness, and a general fear and anxiety about school and unfamiliar situations.

**Plaintiff's causes of actions are: False Imprisonment, Intentional Infliction of Emotional Distress, Assault & Battery, Negligence, Negligent Hiring, Violation of Civil Rights- 42 U.S.C. §1981 & 1983, and Vicarious Liability.**

**B)   DEFENDANTS' RESPONSE TO PLAINTIFF'S COMPLAINT:**

**In response to Plaintiffs' allegations, Defendants Long Hill Township Board of Education, Art DiBenedetto, and Joanna Hughes, state that the claims asserted by Plaintiffs are not warranted by existing law. Defendants also state that Plaintiffs failed to file a Notice of Claim, thus barring their action for state tort claims against the Board and the individual Defendants. In addition, in the absence of physical injury, damages may not be awarded against a public entity for emotional distress damages. Further, a public employee is not liable for an injury where a public entity is immune from liability for the injury. Since the Board is not liable for the alleged injuries, the individual Defendants cannot be liable. As to the cause of action of false imprisonment against Hughes, there is no evidence that Hughes used force or threats of force to confine C.C. in her office. As to Plaintiffs' claim for intentional infliction of emotional distress, they are unable to meet any of the elements of the cause of action. Plaintiffs assert a cause of action for assault against Hughes which cannot be sustained because there is no evidence that Hughes acted intentionally to cause an offensive contact or apprehension of an offensive contact. With respect to Plaintiffs' cause of action for negligence against the individual Defendants, there is no evidence that any of the individual Defendants breached their duty of care. Plaintiffs' cause of action for negligent hiring against the Board cannot be sustained because there is no indication that any of the individual Defendants were unfit, incompetent or dangerous, let alone that the Board knew or should have known of such a condition prior to hiring them. Plaintiffs also assert a cause of action for violation of civil rights against the individual Defendants. There is no indication of any egregious or outrageous behavior on the part of the Defendants which would shock the conscience. As a matter of law, the claims related to criticism of C.C. do not infringe upon a liberty interest.**

3.  Has this action been: Settled: **No.** Discontinued: **No.**

    If so, has there been a Stipulation/Dismissal filed? **Not applicable.**

4.  Have settlement discussions taken place? **No.**

    If so, when? **Not applicable.**

    (a)   What was plaintiff's last demand? **Not applicable.**
       (1)   Monetary demand: $_____
       (2)   Non-monetary demand: _____

    (b) What was defendant's last offer? **Not applicable.**

5. Defendants Long Hill Township Board of Education, Art DiBenedetto, and Joanna Hughes, **have** exchanged the information required by Fed. R. Civ. P. 26(a)(1). Plaintiffs and Defendant Rachel Petr **have not** provided their Rule 26 Disclosures, but will provide them prior to the initial conference.

6. Explain any problems in connection with competing the disclosures required by Fed. R. Civ. P. 26(a)(1).

    **No problems anticipated at this juncture.**

7. The parties **have** conducted discovery other than the above disclosures. Defendants Long Hill Township Board of Education, Art DiBenedetto and Joanna Hughes have served Interrogatories and Requests for Production of Documents. Plaintiffs and Defendant Rachel Petr will serve written discovery prior to the scheduling conference of March 21, 2007.

8. The parties **have** met pursuant to Fed. R. Civ. P. 26(f):

    (a) If not, state the reason therefor.

    (b) If so, state the date of the meeting and the persons in attendance.

    **Counsel for all parties have spoken and reviewed this document for submission to the Court.**

9. The following **is** a proposed joint discovery plan.

    (a) Discovery is needed on the following subjects:

    **Discovery on all facts and allegations alleged within Plaintiffs' Complaint.**

    (b) Discovery **should not** be conducted in phases or be limited to particular issues. Explain.

    **Presently, there are no unique issues requiring the phasing of discovery.**

    (c) Maximum of **25** Interrogatories by each party to each other party.

    (d) Maximum of **10** depositions to be taken by each party.

    (e) Plaintiffs' expert report due on July 31, 2007.

    (f) Defendants' expert report due on September 14, 2007.

    (g) Motions to amend or to add parties to be filed by April 30, 2007.

    (h)    Dispositive motions to be served prior to the completion discovery. Any outstanding discovery will be stayed pending the resolution of any dispositive motions filed. This provision is subject to the Court's approval.

    (i)    Factual discovery to be completed by June 29, 2007.

    (j)    Expert discovery to be completed by September 28, 2007.

    (k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

    **No special discovery mechanism or procedures are presently requested.**

    (l)    A pretrial conference may take place on December 10, 2007.

    (m)    Trial date: January 7, 2007.

10. Do you anticipate any discovery problem(s)? **No.**
If so, explain.

11. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions. Problems with out-of-state witnesses or documents, etc.)? **Yes.**
**Plaintiff C.C. is a minor child. As such, Counsel for Defendants Long Hill Township Board of Education, Art DiBenedetto and Joanna Hughes anticipate the need for a Discovery Confidentiality Order to comply with the Family Educational Rights and Privacy Act (FERPA), and prior to disclosure of any confidential records, such as personnel and medical records.**

    **Counsel for Plaintiffs objects to the need for a Discovery Confidentiality Order.**

12. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.). **Yes.**

13. Is this case appropriate for bifurcation? **No.**

14. An interim status settlement conference (with clients in attendance), should be held. Parties are amenable to an interim status settlement conference, and require additional time to confer to select an appropriate date.

15. We **do not** consent to the trial being conducted by a Magistrate Judge.

SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER, LLP
Attorneys for Defendants Long Hill Township
Board of Education, Art DiBenedetto, and
Joanna Hughes

By: _____
    STEFANI C. SCHWARTZ (SCS 5901)

Dated: 3-19-2007

COMEGNO LAW GROUP P.C.
Attorney for Plaintiffs

ULLMAN, FURHMAN & PLATT, P.C.
Attorney for Defendant Rachel Petr

By: _____
    JEFFREY D. ULLMAN (   )

Dated: 3-19-2007

By: _____
    JOHN B. COMEGNO, II (   )

Dated:

SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER, LLP
Attorneys for Defendants Long Hill Township
Board of Education, Art DiBenedetto, and
Joanna Hughes

By: _____
    STEFANI C SCHWARTZ (SCS 5901)

Dated:
COMEGNO LAW GROUP P.C.
Attorney for Plaintiffs

By: _____
    JOHN B. COMEGNO, II (  )

Dated: 3/19/07

ULLMAN, FURHMAN & PLATT, P.C.
Attorney for Defendant Rachel Petr

By: _____
    JEFFREY D. ULLMAN (  )

Dated: 3-19-2007